UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NANCY DAWKINS,

                    Plaintiff,

          -against-

NYPD; NEW YORK-PRESBYTERIAN/WEIL
J. CORNELL MEDICAL CENTER;
BROOKLYN METHODIST HOSPITAL;
GRACIE SQUARE HOSPITAL; BRENDA
HORTON,

                    Defendants.

25-CV-6341 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP")*,* filed this complaint asserting claims arising from a hospitalization in 2025. (ECF 1.) She filed a motion for a temporary restraining order and a preliminary injunction. (ECF 4.)

To obtain such relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

The Court has reviewed Plaintiff's submissions, and they do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to

make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor.

Accordingly, Plaintiff's request for an order to show cause (ECF No. 4) is denied. The Court will

issue an explanatory order at a later date.

Plaintiff's request for an extension of time to serve Defendants is denied as unnecessary

at this juncture. (ECF 12.)

## CONCLUSION

Plaintiff's request for an order to show cause. is denied. The Clerk of Court is directed to

terminate all pending motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 12, 2026
         New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

2